IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CAROL WALKER                                                                                       PLAINTIFF

vs.                                         Civil No. 6:16-cv-06012

CAROLYN W. COLVIN                                                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Carol Walker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her DIB application on March 1, 2013.  (Tr. 77).  In this application, Plaintiff alleges being disabled due to breast cancer. (Tr. 237).  Plaintiff alleges an onset date of December 31, 2012.  (Tr. 77).  This application was denied initially and again upon reconsideration.  (Tr. 134-145).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

application, and this hearing request was granted. (Tr. 93-133). Thereafter, on August 12, 2014, the ALJ held an administrative hearing on Plaintiff's application. *Id.* At this hearing, Plaintiff was present and was represented by Shannon Muse Carroll. *Id.* Plaintiff and Vocational Expert ("VE") Myrtle Johnson testified at this hearing. *Id.*

At this administrative hearing, Plaintiff testified she was fifty-five (55) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008) (DIB). (Tr. 97). As for her education, the ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 104-105).

On February 11, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 74-86). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 79, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 2012, her alleged onset date. (Tr. 79, Finding 2). The ALJ determined Plaintiff had the following severe impairments: ductal carcinoma of the breast and osteoarthritis. (Tr. 79-81, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 81-82, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 82-85, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20

>CFR 404.1567(b) except that she can sit for six to eight hours in an eight hour day and stand and walk for six to eight hours in an eight hour day for one to two hours without interruption.  She can occasionally climb, stoop, crouch, kneel, and crawl, but never balance or climb ladders, ropes, and scaffolds.  She cannot work at restrictive heights.  She can never operate moving machinery such as driving a bus, taxi or forklift.  She can frequently reach and handle.

*Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 85-86, Finding 6).  Considering her RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as a furniture salesman.  *Id.*   Because Plaintiff retained the capacity to perform this work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from December 31, 2012 through the date of his decision or through February 11, 2015.  (Tr. 86, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council.  On January 11, 2016, the Appeals Council denied this request for review.  (Tr. 1-4).  On February 8, 2016, Plaintiff filed his Complaint in this matter.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on February 8, 2016.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

**2.**     **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 1. Specifically, Plaintiff raises three claims: (A) the ALJ erred by failing to consider the disabling effects of her chemotherapy drug, Tamoxifen; (B) the ALJ erred in assessing her RFC; and (C) the ALJ erred in failing to present a hypothetical to the VE that included all of her limitations. ECF No. 11. The Court will consider each of these issues.

**A.    Side Effects of Tamoxifen**

Plaintiff claims the ALJ did not properly consider the side effects of her breast cancer medication, Tamoxifen. ECF No. 11 at 3-6. Notably, during the administrative hearing in this matter, Plaintiff claimed the side effects from this medication were disabling and caused muscle spasms, aching from head to toe, spasms in her left hand, depression, headaches, and stomach problems. *Id.* Plaintiff claims the ALJ did not properly consider these side effects in his decision. *Id.*

Upon review, the ALJ did fully considered these side effects and properly discounted them for legally-sufficient reasons. The ALJ noted Plaintiff reported experiencing fatigue after her cancer treatment; but on July 16, 2012, she reported her energy was improving. (Tr. 84, 343). The ALJ

further noted Plaintiff did not report fatigue on January 17 or May 7, 2014. (Tr. 84, 427, 432).

Furthermore, the evidence shows that on May 1, 2013, Plaintiff's oncologist reported Plaintiff was on Tamoxifen and noted she felt fine with no complaints. (Tr. 616). On October 2, 2013 and again on May 7, 2014, Plaintiff's other physician reported Plaintiff was on Tamoxifen and was doing fine with no complaints. (Tr. 379, 625). Lastly, on October 8, 2014, that same doctor reported Plaintiff was "tolerating her Tamoxifen well." (Tr. 682). Thus, the Court cannot find the ALJ did not properly consider Plaintiff's use of Tamoxifen.

### B.    RFC Assessment

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 11 at 6-10. Upon review of this argument, however, it appears Plaintiff's claim is actually that the ALJ erred in assessing her *severe impairments. Id.* Specifically, Plaintiff claims the ALJ should have also found her chronic fatigue and chronic joint and hand pain were severe impairments. *Id.* Plaintiff claims the severity of these impairments is supported by the findings of her treating physician, Dr. Amy Falck, M.D. *Id.*

Upon review, the Court finds no basis for reversal on this issue. As an initial matter, in her application, Plaintiff only alleged being disabled due to breast cancer. (Tr. 237). At the administrative hearing in this matter, Plaintiff also mentioned suffering from irritable bowel syndrome. (Tr. 101-102). Plaintiff, however, did not specify any other specific impairments. Thus, the ALJ was not required to investigate them further or find they were severe. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996).

To the extent the ALJ was required to consider these impairments, the Court also finds his decision was supported by substantial evidence. Indeed, although the ALJ did discount the findings

of Dr. Falck, the ALJ provided several valid reasons for discounting those opinions. Importantly, the ALJ noted she delivered her opinion on October 15, 2013, which was "before all medical evidence was part of the record." (Tr. 85). Further, the ALJ noted her opinions were "not consistent with or supported by the evidence in the record." *Id.* Thus, the Court cannot find Plaintiff's claim is a basis for reversal in this case.

### C.     Hypothetical to the VE

Plaintiff claims the ALJ's hypothetical was deficient because it did not contain all of the limitations she had alleged. ECF No. 11 at 10-13. Upon review, however, and as further outlined above, the ALJ properly discounted Plaintiff's alleged limitations and determined her RFC. Thus, the ALJ was not required to include those limitations in his hypothetical to the VE.

Furthermore, Plaintiff has the burden of demonstrating her limitations are greater than those found by the ALJ. *See Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004) ("A disability claimant has the burden to establish her RFC"). Here, Plaintiff has not demonstrated she has any limitations greater than those found by the ALJ. Thus, the Court finds Plaintiff has not offered a basis for reversal in this case.

### 4.     Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of February 2017.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE